Jan Michael STEADMAN

v.

GOVERNOR, UNITED STATES SOLDIERS' AND AIRMEN'S HOME, Appellant.

Michael LITTLE

v.

GOVERNOR, UNITED STATES SOLDIERS' AND AIRMEN'S HOME, Appellant.

Charlie WARD

v.

GOVERNOR, UNITED STATES SOLDIERS' AND AIRMEN'S HOME, Appellant.

Owen B. HORTON, Jr.

v.

GOVERNOR, UNITED STATES SOLDIERS' AND AIRMEN'S HOME, Appellant.

Joseph STEPPE

v.

GOVERNOR, UNITED STATES SOLDIERS' AND AIRMEN'S HOME, Appellant.

Nos. 89–5166 to 89–5170.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 10, 1990.

Decided Nov. 16, 1990.

964

John D. Bates, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., R. Craig Lawrence and Molly D. Current, Asst. U.S. Attys., Seattle, Wash., were on the brief, for appellant.

David P. Sutton, with whom Warren C. White, Adelphi, Md., was on the brief, for appellees.

Before MIKVA, SILBERMAN and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

In this case we revisit the Civil Service Reform Act of 1978 ("CSRA" or "Act"), in particular, Title VII, 5 U.S.C. § 7101 *et seq.*, the Federal Service Labor–Management Relations Act ("FSLMRA"),[1] to deter-

---

1. We use CSRA to refer to the entire statutory scheme by which Congress "comprehensively overhauled the civil service system," *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985), and FSLMRA to refer specifically to Title VII, by which Congress restructured labor management relations in the federal government, *Na-*

mine whether the Act's exclusive grant of enforcement authority over unfair labor practice claims to the Federal Labor Relations Authority requires litigants to seek relief first in that forum when a remedy is available under the statutory scheme as well as under the Constitution. Because we believe that allowing the bifurcation of claims would circumvent Congress' careful work in crafting the intricate remedial scheme of the CSRA, we hold that appellees must first seek relief from the FLRA. We therefore do not reach the merits of appellees' due process claims, but reverse and remand to the district court with instructions to dismiss for lack of subject matter jurisdiction.

## I.

Appellees are former nonpreference eligible exempt service employees ("NEES")[2] of a federal agency, the Soldiers' and Airmen's Home ("Home"), where they held support positions for a number of years. In 1986 they were fired from their jobs for alleged illegal drug-related activity, after receiving the appropriate notice and right to reply provided by the Home's personnel regulations. At the time of their dismissal, appellees were covered by a collective bargaining agreement between the Home and the union. The collective bargaining agreement provided a five-step post-removal grievance procedure, culminating in arbitration, which the union could invoke to challenge adverse personnel action. Under the agreement, consistent with the FSLMRA, the right to demand arbitration was reserved to the agency and the union.

The grievance procedure imposed stringent time requirements for appeal at each step. The union, which had agreed to assist appellees, failed to meet these time requirements in the case of two of appellees and erroneously advised two others that they could bypass the grievance procedures and challenge their removals in district court. In the case of the fifth, who had engaged a private attorney, the appeal from the Governor's decision was not timely taken.[3] The Home refused to process any of the grievances beyond the step at which each became untimely and thereby rejected all five grievances. Appellees then filed suit individually in district court, challenging their respective removals on the grounds of deprivation of property or liberty without due process in violation of the Fifth Amendment; violation of the collective bargaining agreement; breach of contract; and various common law torts. They requested that they be afforded evidentiary hearings consistent with their procedural due process rights, as well as asking for reinstatement, backpay, and compensatory and punitive damages.

The cases were consolidated for hearing before the district court. In his memorandum opinion and order, the district judge determined that appellees had wrongfully been denied an arbitration hearing and ordered the Home to provide appellees with such a hearing as was provided for in the collective bargaining agreement. *Steppe v. Governor, United States Soldiers' and Airmen's Home,* 710 F.Supp. 356 (D.D.C. 1989).

---

*tional Treasury Employees Union v. FLRA,* 691 F.2d 553, 554 (D.C.Cir.1982).

**2.** "Excepted service" employees are members of the category of civil service employees, established under the CSRA, who are neither in the competitive service nor the Senior Executive Service. 5 U.S.C. § 2108. They generally have fewer rights than the other two classes of civil service employees. *See Garrow v. Gramm,* 856 F.2d 203, 205 (D.C.Cir.1988). "Nonpreference eligible" employees are those employees (in all three designated classes of the civil service) who are not entitled to the benefits and preferences which Congress has accorded to veterans of military service.

**3.** We assume without deciding that the four appellees whom the union failed to assist in a timely manner have an unfair labor practice claim against the union and that the fifth, who alleges that the government failed to give his attorney timely notice of the rejection of his claim, has an unfair labor practice claim against the government. The parties did not join issue over whether the union's actions (or the lack of them) rose to the level of an unfair labor practice, accepting the district court's decision that they did. Because, contrary to the district court, we believe that the determination of what constitutes an unfair labor practice must first be pursued before the FLRA, we do not decide the question.

The district court determined that the union's failure to invoke the arbitration procedure was a breach of its duty of fair representation under the FSLMRA, 5 U.S.C. § 7114(a)(1) and that such a breach is an unfair labor practice. 5 U.S.C. § 7116(b)(8). *Steppe*, 710 F.Supp. at 360. The judge acknowledged that the Supreme Court's holding in *Karahalios v. National Fed'n of Fed. Employees*, 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989), bars a district court from entertaining an unfair labor practice claim, over which the FLRA has exclusive jurisdiction. Nonetheless, the district court held that it had equity jurisdiction to order the "administrative processes that [appellees] have been wrongly denied." *Steppe*, 710 F.Supp. at 360.

Based on this "jurisdictional theory," the district court considered appellees' due process claims. The court accepted appellees' argument that they had protected property interests in their employment which entitled them to an evidentiary hearing. Since the district court ordered arbitration on the basis of a property interest, it did not consider whether the dismissal for stigmatizing reasons also deprived them of liberty, entitling them to the relief of a name-clearing hearing.

## II.

■■ Appellees argue that the district court properly ordered equitable relief for their property-interest claims.[4] We find it unnecessary and therefore inappropriate to decide the constitutional issues at this stage. The anterior question presented is whether the district court had jurisdiction or whether, as the government argues, appellees were obliged to pursue their available remedies under the CSRA, which, in this case, would have been an unfair labor practice charge brought before the General Counsel of the FLRA. We think the government is correct and that the district judge improperly interjected the federal judiciary, at a premature stage into the CSRA's carefully developed system of administrative review. In so doing, the district court asserted authority which it manifestly lacks, to order arbitration of these claims under the collective bargaining agreement.

■■ It is important to understand that although appellees wish to challenge their discharge for drug use—which is not claimed to be an unfair labor practice but rather a breach of the collective bargaining agreement—the union's mishandling of the employees' claims on its face appears to be a breach of the union's duty of fair representation, under 5 U.S.C. § 7114(a)(1), which *is* actionable as an unfair labor practice pursuant to 5 U.S.C. § 7116(b)(8). The FLRA clearly has broad remedial power in the case of an unfair labor practice claim to make the injured employee whole. *See* 5 U.S.C. § 7118(a)(7) (FLRA is empowered to order the parties to renegotiate a collective bargaining agreement with retroactive effect, to reinstate an employee with backpay, or to take any other "such action as will carry out the purpose of this chapter"). And the plaintiffs did claim before the district court that the union had breached its duty of fair representation. Under the Federal Services Labor Management Relations Act—as opposed to the National Labor Relations Act—the FLRA enjoys exclusive jurisdiction over a claim of a union's breach of its duty of fair representation, *see Karahalios*, 109 S.Ct. at 1287. A failure to seek arbitration (which an employee may not compel on his own) may constitute such a breach of the union's duty. But, in that event, only the FLRA—not a district court—may remedy the breach by ordering arbitration.[5] Congress deliberately re-

---

**4.** Appellees contend that, even though we have held that NEES employees do not have a statutorily-created property interest in their jobs, *Garrow*, 856 F.2d at 207, the collective bargaining agreement creates such an interest. The government, on the other hand, contends that the agency acted *ultra vires* in signing a collective bargaining agreement providing for arbitra-

tion of the discharge of NEES employees. That question was not decided in *Department of Treasury, Office of Chief Counsel v. FLRA*, 873 F.2d 1467 (D.C.Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 864, 107 L.Ed.2d 948 (1990), and we need not reach it here.

**5.** We do not, of course, decide whether the FLRA could order arbitration *in this case.* We

fused to follow the private sector pattern and declined to grant the district courts jurisdiction to compel arbitration for any reason. *See id.*

To be sure, plaintiffs contend that their discharge was not only a violation of the collective bargaining agreement, but it also violated the due process clause of the Constitution. But long before the passage of the CSRA we had held that when a constitutional claim is intertwined with a statutory one, and Congress has provided machinery for the resolution of the latter, a plaintiff must first pursue the administrative machinery. *Wallace v. Lynn,* 507 F.2d 1186, 1189–90 (D.C.Cir.1974); *see also Sampson v. Murray,* 415 U.S. 61, 83, 89–92, 94 S.Ct. 937, 949, 952–953, 39 L.Ed.2d 166 (1974). We have reiterated that proposition specifically in the context of a case arising under the CSRA. When the statutory and constitutional claims are "premised on the same facts" and the CSRA remedy "would have been fully effective in remedying the constitutional violation," exhaustion is mandated. *Andrade v. Lauer,* 729 F.2d 1475, 1493 (D.C.Cir.1984). Only in the unusual case in which the constitutional claim raises issues totally unrelated to the CSRA procedures can a party come directly to district court. *Id.* at 1492 (exhaustion is not required where there is "complete divergence between the issues presented by the constitutional and personnel/statutory claims").

We do not think this case presents that "complete divergence" because, by pursuing their unfair labor practice claim against the union, appellees may ultimately be able to litigate the propriety of their discharge under the contract—which, perforce, would satisfy any constitutional due process claim arising out of an asserted property interest

in the job protections afforded by the agreement. *Parrett v. City of Connersville,* 737 F.2d 690, 696 (7th Cir.1984), *cert. dismissed,* 469 U.S. 1145, 105 S.Ct. 828, 83 L.Ed.2d 820 (1985). We see no reason why the same arbitration would not also provide adequate process to protect a liberty interest, if it exists, based on the claimed stigma accompanying a discharge for drug use. Indeed, appellees do not dispute that arbitration would afford complete relief on all their claims.

Congress passed an enormously complicated and subtle scheme to govern employee relations in the federal sector, including the authorization of collective bargaining.[6] It follows, then, that federal employees may not circumvent that structure even if their claim is based as well on the Constitution. *See Andrade,* 729 F.2d at 1490. As the Supreme Court has instructed us, "the very fact that constitutional issues are put forward constitutes a strong reason for not allowing [a] suit either to anticipate or to take the place of [the agency's] final performance of its function." *Aircraft & Diesel Equip. Corp. v. Hirsch,* 331 U.S. 752, 774, 67 S.Ct. 1493, 1504, 91 L.Ed. 1796 (1947). This is especially true in this case since the Court has consistently held that the congressional scheme precludes district courts from taking jurisdiction over CSRA-related claims. *See, e.g., Karahalios,* 109 S.Ct. at 1288; *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988). To permit the district court's assertion of jurisdiction would simply put a premium on clever drafting of a complaint. "It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading." *Brown v. General Servs. Admin.,*

note that appellees argue by analogy to private sector labor law unfair representation cases that the FLRA can require the agency and union to invoke the arbitration procedure of the collective bargaining agreement. *Cf. Vaca v. Sipes,* 386 U.S. 171, 185–86, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). The government is silent on this issue.

**6.** Congress provided the same narrow scope of review of arbitrators' awards as is afforded in

the private sector, but vested that review authority in the FLRA, § 7122(a), not, as under the National Labor Relations Act, in the federal district courts. *See Griffith v. FLRA,* 842 F.2d 487, 490–91 (D.C.Cir.1988). The FLRA's review of an arbitrators' award is not further reviewable in the court of appeals unless the FLRA's "order involves an unfair labor practice." § 7123(a)(1).

425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976).

That is not to say that a federal employee may not bring an equitable claim based on the Constitution in federal district court after having exhausted his CSRA remedy. We have recognized in *Griffith*, 842 F.2d 487 (D.C.Cir.1988) that if a constitutional claim survives an unsuccessful journey through the administrative process, the federal courts are open. *Compare Carter v. Kurzejeski*, 706 F.2d 835, 839 n. 5, 840–41 (8th Cir.1983) (holding that when the exact same facts give rise to an unfair labor practice claim and an asserted constitutional violation, the FLRA has exclusive jurisdiction over the claim, subject to judicial review in the court of appeals). In this case, for instance, if the FLRA had determined, on grounds that left appellees' constitutional claim intact, that the union had not breached the duty of fair representation, appellees would have been free to pursue their constitutional claims in district court.[7] The remedies available at that stage might depend on a careful examination of the CSRA itself, as well as analysis of the substantive constitutional claims, *see Hubbard v. Environmental Protection Agency*, 809 F.2d 1, 118 n. 15 (D.C.Cir. 1986); *Spagnola v. Mathis*, 859 F.2d 223, 229–30 (D.C.Cir.1988), but at that point a name-clearing hearing might have been available.

■ Of course, the district court's plunge into the delicate CSRA machinery was not purposeless. It may well be that the plaintiffs in this case slept on their rights and did not bring an unfair labor practice charge before the statute of limitations expired. *See* 5 U.S.C. § 7118(a)(4)(A). (We do not decide this issue.) But one cannot avoid an exhaustion requirement merely by delaying beyond the time that an administrative proceeding must be brought. *Columbia Power Trades Council v. United States Dep't of Energy*, 671 F.2d 325, 329 (9th Cir.1982) (exhaustion not excused when unfair labor practice complaint dismissed as untimely filed under 5 U.S.C. § 7118(a)(4)(A)). Were the rule otherwise, an exhaustion requirement could be circumvented all too easily.

\* \* \* \* \* \*

For the foregoing reasons, the case is reversed and remanded with instructions to dismiss for lack of subject matter jurisdiction.

*It is so ordered.*

**NATIONAL TREASURY EMPLOYEES UNION, Appellant,**

---

**7.** Of course, that FLRA determination would be reviewable in the court of appeals.